MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent from the holding of the majority opinion that the admission of Officer Phipps’ rebuttal testimony constituted reversible error.
The majority opinion states:
“Daniels’ self-defense position made it imperative that he establish that he was not the aggressor in bringing about the death of Jimmy John. Phipps’ testimony if accepted at face value would make Daniels definitely an aggressor in stepping out of the automobile to meet Jimmy John. Effectively, his defense of self-defense was considerably weakened, if not destroyed by Phipps’ testimony.”
The record, in summary, portrays a defendant looking for trouble. It is unrebutted that: (1) The defendant, anticipating problems, armed his companion, Scott Tarver, with a *23 pistol. (2) That the defendant blocked the victim’s vehicle with his own vehicle. (3) That the victim asked the defendant to get out of the way so that he could leave. (4) That after the altercation, next to the victim’s pickup, the defendant walked to the driver’s side of his car, attempted to reach his car keys through the open window, then opened the door and sat down on the front seat. (5) The defendant removed the car keys, walked to the rear of his car, approximately thirty-seven feet away from the victim. (6) The defendant opened the trunk of his car, obtained his Colt .357 from a box in the trunk, and walked directly back to the victim, firing four shots almost simultaneously. (7) That the victim had remained at the side of his pickup. (8) That the victim had nothing in his hands. (9) That one bullet hit the victim’s left shoulder from the front; that another bullet entered the middle of the victim’s back and the injury would have been fatal within five minutes; that a third bullet entered the back and passed through the victim’s heart. (10) That the shots to the victim’s back were fired within a distance of one to four feet. (11) That none of the witnesses characterized the victim as the aggressor.
There was additional testimony, denied by the defendant, that (1) the victim had pushed the defendant away saying that he didn’t want any more trouble with the defendant; (2) that the victim stated he wanted to be left alone; and (3) that, thereafter, the defendant, with a knife in his left hand, came back at the victim, prior to the time the victim hit the defendant with the horse shoe nippers.
In my view, the jury, even without the rebuttal testimony of Officer Phipps, would have had to disregard the defendant’s claim of self-defense. I would, therefore, hold that the alleged error was harmless, and would affirm the conviction.